IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ROBERT N. COGAR,**

    **Plaintiff,**

**v.**                                              **Civil Action No. 3:05CV119**
                                                          **(STAMP)**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert (Doc. 17) dated January 2, 2007. Upon submitting this report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825

(E.D. Cal. 1979).  Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

It is the opinion of the Court that the Magistrate Judge's Report and Recommendation (Doc. 17) should be, and is, **ORDERED ADOPTED**.

On May 10, 2006, the claimant filed his Motion for Summary Judgment (Doc. 8).  In support of the motion, claimant contends that the Administrate Law Judge ("ALJ") erred in failing to find disability under § 12.05C, in wrongly attributing the cause of claimant's impairments to alcohol consumption, and in falsely concluding that the claimant exaggerated his symptoms.

In regard to the § 12.05C disability inquiry, the claimant asserts that the ALJ erred by wrongly concluding that the claimant did not suffer from significantly subaverage intelligence before the age of 22.  As correctly stated in the Report and Recommendation, in order to establish a § 12.05C disability four requirements are needed: (1) "significantly subaverage intellectual functioning" before the age of 22; (2) "deficits in adaptive functioning initially manifested" before the age of 22; (3) "a valid verbal, performance, or full scale IQ of 60 through 70;" and (4) "a physical or other mental impairment imposing an additional and significant work-related limitation of function."  20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C; Foster v. Halter, 279 F.3d 348, 354-55 (6th Cir. 2001).  In order to prevail, a claimant must establish all four factors.  20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00A.

In applying the above, the ALJ found that the claimant did not show significantly subaverage intellectual functioning because one IQ evaluation was not considered valid due to perceived poor effort, and because claimant received higher grades and higher intelligence scores while in grade school. Under the applicable standard of law, the findings of an ALJ will not be set aside if supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1456 (4th Cir. 1990).

As indicated by review of the Report and Recommendation and the administrative record, the ALJ's determination is not supported by substantial evidence. Significantly, the ALJ appears to have misread the test results by concluding that "D.I. IQ 89" and "D.I. IQ 101" were tests scores rather than the names of intelligence tests. (See Tr. 23.) Additionally, this misreading is significant because it establishes a fundamental flaw in the ALJ's factual predicate. Furthermore, as noted in the Report and Recommendation, the ALJ also mistook the claimant's early test scores of 54 and 70 to indicate national percentile scores in the absence of an alternative explanation. (See Tr. 25.)

In light of the above, it is clear to the Court that the findings of the ALJ are not supported by substantial evidence. As indicated by the Report and Recommendation, the claimant meets all the requirements for disability under § 12.5C. Specifically, claimant's low test scores during childhood as well as his poor grade performance in intellectually based subjects establishes

significantly subaverage intellectual functioning prior to age 22. Additionally, claimant psychologist found "extemely low adaptive skills" and claimant's received a valid IQ score of 66, establishing factors three and four of the above standard. (See Tr. 291.) As a final matter, claimant's mild degenerative disc disease and coronary artery disease qualify him as having as severe physical impairment "imposing an additional and significant work-related limitation of function." See 20 C.F.R. pt. 404, subpt. P., app. 1, § 12.05C; (Tr. 22). For the foregoing reasons, the **Court FINDS that the claimant meets the requirements for disability under § 12.05C**.

In addition to challenging the ALJ's § 12.05C determination, claimant contends that the ALJ erred in the treatment of alcohol consumption. Specifically, claimant contends that evidence showing any effect of alcohol use on mental ability is lacking from the record, and that the ALJ employed the wrong legal technique. Consistent with the Report and Recommendation, the Court finds that the record demonstrates that the ALJ believed that claimant's alcohol use contributed to his mental condition. In order to determine the significance of alcohol use, the ALJ must first determine that a claimant who uses alcohol is disabled. C.F.R. § 416.935(a). After the determination of disability is made, the ALJ must undertake to establish whether the disability would persist in the absence of alcohol use. C.F.R. § 416.935(b)(1).

Upon review of the record, it is clear that the ALJ did not comply with the above standard. Importantly, the ALJ failed to

establish disability apart from alcohol use as required. (Tr. 23); See McGhee v. Barnhart, 366 F. Supp. 2d 379, 389 (W.D. Va. 2005). As noted in the Magistrate Judge's Report and Recommendation, the ALJ consider the use of alcohol in the § 12.05C disability determination. While the usual remedy for the misapplication of legal rules is remand, where the record clearly indicates only one possible conclusion, remand is unnecessary. Alejandro v. Barnhart, 291 F. Supp. 2d 497 (S.D. Tex. 2003); Sullivan v. Halter, 135 F. Supp. 2d 985 (S.D. Iowa 2001). In the instant action, the record is completely devoid of any evidence suggesting a link between claimant's alcohol consumption and his mental impairments. As such, the Court finds remand unnecessary.

For the foregoing reasons and those more fully stated in the Report and Recommendation of United States Magistrate Judge James E. Seibert (Doc. 17), the Court **ORDERS** as follows:

1. That the **Report and Recommendation of the Magistrate Judge (Doc. 17)** is **ADOPTED**;

2. That **Plaintiff's Motion for Summary Judgment (Doc. 10)** is **GRANTED**;

3. That **Defendant's Motion for Summary Judgment (Doc. 12)** is **DENIED**;

4. That **Plaintiff's Motion for Leave to File Excess Pages (Doc. 8)** is **DENIED AS MOOT**; and

5. That this action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this ORDER to all counsel of record.

**DATED** this 13th day of February 2007

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE